Elena K. Cincione
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Telephone: (312) 821-6135
Facsimile: (312) 704-1522
Email: elena.cincione@wilsonelser.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## (EASTERN DIVISION)

| | |
|---|---|
| HARTFORD INSURANCE COMPANY OF ILLINOIS, <br><br> Plaintiff, <br><br> v. <br><br> MIDWEST STAFFING SERVICES, INC., <br><br> Defendant. | Case No. 20-cv-03203 <br><br> **COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED AND UNJUST ENRICHMENT** <br><br> **THE AMOUNT OF THE DEMAND IN THIS ACTION IS OVER $75,000** |

Plaintiff HARTFORD INSURANCE COMPANY OF ILLINOIS, by and through its undersigned attorneys, as and for its Complaint against Defendant MIDWEST STAFFING SERVICES, INC., alleges as follows:

### Nature of Action

1. This is an action to recover money damages based upon Defendant's failure to pay the full premiums owed under a workers compensation insurance policy issued by Plaintiff.

### Parties

2. Plaintiff, HARTFORD INSURANCE COMPANY OF ILLINOIS ("Plaintiff" or "The Hartford") is an Illinois corporation which maintains its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.

3. Defendant, MIDWEST STAFFING SERVICES, INC. ("Defendant"), is an Illinois corporation which maintains its principal place of business at 643 North York Road, Suite 110,

Elmhurst, IL 60126.

## Jurisdiction and Venue

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

5. Venue of this action in the United States District Court for the Northern District of Illinois is proper under 28 U.S.C. § 1391(b) in that it is the District where Defendant resides and where a substantial part of the events giving rise to this action occurred.

## Background Facts

6. At the request of Defendant, The Hartford issued Workers Compensation Insurance Policy No. 83 WEC TO8845 for the periods of 06/09/2018 to 06/09/2019, and 06/09/2019 to 06/09/2020, and which was cancelled effective July 22, 2019 (the "Policy").

7. Pursuant to the Policy, Defendant agreed to pay certain premiums to The Hartford. The premiums were based upon Defendant's estimated payroll, number of employees and applicable employee classification codes.

8. The premiums under the Policy were initially estimated based upon the information supplied by Defendant and expressly subject to adjustment after an audit of Defendant's applicable books and records at the conclusion of the Policy periods.

9. At the conclusion of the Policy periods, The Hartford conducted an audit of the books and records of Defendant. Based upon that audit, it was determined that Defendant owed additional premiums under the Policy of $106,018.00 subsequently reduced by $490.00 (the "Account Credit") as a result of uncashed refund checks applied to the account for a total amount due of $105,528.00 (the "Additional Premiums").

10. The primary reason for the increase in premium was a 439.31% increase in Defendant's payroll for its garage construction operation and licensed plumber employees. Further, Defendant's additional hires of construction workers and plumbers involved a much higher risk as opposed to the company's original estimates for a single "clerical" employee.

8288588v.1

11.     On or about October 11, 2019, The Hartford sent to Defendant a Final Insurance Bill (subsequently reduced by the Account Credit) for the Additional Premiums, no part of which has been paid.  A true and correct copy of the Final Insurance Bill and subsequent Account Credit are  annexed hereto as **Exhibit A**.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

12.     The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 11 as if fully set forth herein.

13.     Defendant has wrongfully refused to pay the Additional Premiums due under the Policy.

14.     The Hartford has fully complied with all of its obligations under the Policy.

15.     Defendant breached the terms and conditions of the Policy by failing to pay the Additional Premiums due.

16.     As a result of Defendant's breach of the Policy, The Hartford has been damaged in the sum of $105,528.00 (excluding interest, fees and costs).

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

17.     The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 16 as if fully set forth herein.

18.     The amount of unpaid Additional Premiums owed by Defendant to The Hartford pursuant to the Policy is $105,528.00.

19.     The Final Insurance Bill issued to Defendant (**Exhibit A**) created an express and implied agreement between the parties as to the Additional Premiums due under the Policy.

20.     Defendant received and retained the Final Insurance Bill and did not, contemporaneously or reasonably thereafter, object to or dispute the amounts or charges contained therein and thereby accepted the Final Insurance Bill.

21.     Defendant has wrongfully failed to pay the Additional Premiums

8288588v.1

despite The Hartford's demands for payment.

22. As a result of Defendant's failure to pay the amounts due as invoiced, The Hartford has been damaged in the sum of $105,528.00 (excluding interest, fees and costs).

### AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment / Quantum Merit)

23. The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 22 as if fully set forth herein.

24. The Policy provided Defendant with insurance coverage for the benefit of its employees and as mandated by state law.

25. Accordingly, as a matter of equity, Defendant should be held liable for the Additional Premiums owed under the Policy since Defendant directly benefited from the insurance coverage provided by Hartford.

**WHEREFORE**, Plaintiff HARTFORD INSURANCE COMPANY OF ILLINOIS, hereby demands that a judgment be entered against Defendant MIDWEST STAFFING SERVICES, INC. in the amount of $105,528.00, together with pre- and post-judgment interest thereon at the statutory rate of 9% per annum, and an award of the fees, costs and expenses incurred by The Hartford herein as applicable, and such other, further, and different relief as this Court may deem just and proper.

Dated: May 29, 2020

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
By: */s/ Elena Cincione*
Elena K. Cincione
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603
Telephone: (312) 821-6135
Facsimile: (312) 704-1522
Email: elena.cincione@wilsonelser.com

Mark G. Ledwin, Esq.
(Not Admitted in Illinois)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, NY  10604
Tel.:   (914) 872-7148
Fax.:  (914) 323-7001
Email: mark.ledwin@wilsonelser.com

Attorneys for Plaintiff

8288588v.1